# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES L. GARY, | 1:09-cv-02161-DLB (HC) |
| Petitioner, | |
| v. | ORDER REQUIRING PETITIONER TO AMEND THE PETITION AND NAME A PROPER RESPONDENT |
| FEDERAL BUREAU OF PRISONS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  (Court Docs. 4, 6.)

On December 8, 2009, Petitioner filed the instant petition for writ of habeas corpus.

## DISCUSSION

For a court to hear a petition for writ of habeas corpus, it must have jurisdiction over the prisoner or his custodian. United States v. Giddings, 740 F.2d 770, 772 (9th Cir.1984).  A failure to name the proper respondent deprives a habeas court of personal jurisdiction. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  The proper respondent in a federal habeas corpus petition is the petitioner's "immediate custodian." Brittingham, 982 F.2d at 379, *quoting* Demjanjuk v. Meese, 784 F.2d 1114, 1115 (D.C.Cir.1986) (Bork, J., in chambers).  The custodian "is the person having a day-to-day control over the prisoner. That person is the only one who can produce 'the body' of

1

the petitioner." Brittingham, 982 F.2d at 379, *quoting* Guerra v. Meese, 786 F.2d 414, 416 (D.C.Cir.1986) (Parole Commission is not custodian despite its power to release petitioner). Normally, the custodian of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Petitioner names the "Federal Bureau of Prisons" as the respondent in this matter. Although Petitioner is incarcerated within the Federal Bureau of Prisons, he is currently housed at the United States Penitentiary in Atwater, California.  Therefore, the current warden of that facility would be the proper respondent.  Because Petitioner did not name his immediate custodian as the respondent in this matter, this Court is without personal jurisdiction, and the petition must be dismissed.

However, the Court will give Petitioner the opportunity to cure the defect by amending the petition to name a proper respondent. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), vacated in part on other grounds, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).  In the interest of judicial economy, Petitioner need not file an amended petition.  Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**ORDER**

Accordingly, Petitioner is GRANTED thirty (30) days from the date of service of this order in which to amend the instant petition and name a proper respondent.  Failure to amend the petition and name a proper respondent will result in a recommendation that the petition be dismissed for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **December 29, 2009**                    **/s/ Dennis L. Beck**
                                                                           UNITED STATES MAGISTRATE JUDGE